IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAMID ZIAEI,

    Petitioner,

v.                                                                             No. 1:25-cv-01111-MLG-KBM

MELISSA ORTIZ, Acting Warden, Torrance
County Detention Facility; JOEL GARCIA,
Field Office Director, El Paso Field Office, United
States Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, United
States Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of Homeland Security;
PAMELA JO BONDI, United States Attorney
General, in their official capacities,

    Respondents.

## ORDER FOR SERVICE AND TO SHOW CAUSE

Petitioner Hamid Ziaei seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody. Doc. 1 at 3, 25. He also requests declaratory relief, attorneys' fees and costs, and the issuance of an order that he not be transferred outside the District of New Mexico without the Court's approval. *Id*. at 25-26. Ziaei filed a Motion for Order to Show Cause on November 13, 2025, requesting that the Court order Respondents to show cause why his Verified Petition for Writ of Habeas Corpus ("Petition") should not be granted. Doc. 6 at 1.

It appears summonses for Respondents were issued on November 10, 2025, but that service has not yet been effectuated. Doc. 6 at 1 n.1. The Court directs Petitioner to serve this Order and

the Petition, Doc. 1, on Respondents within five days.[1] Petitioner shall file proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Respondents are ordered to respond to the Petition and show cause why it should not be granted within three days of receipt of service. *See* 28 U.S.C. § 2243.

The Court will set a hearing within five days after Respondents file their response, unless good cause is shown for additional time.[2] *Id.* If Petitioner desires to file a reply, he must do so within three days of the filing of any response.[3]

It is so ordered.

                                                UNITED STATES DISTRICT JUDGE
                                                MATTHEW L. GARCIA

---

[1] The Court's obligation to serve typical habeas corpus petitions stems from the Rules Governing Section 2254 Cases and Section 2255 Proceedings. For example, Rule 4 of the Rules Governing Section 2254 Cases requires "the clerk [to] serve a copy of the petition and any order on the respondent[.]" Similarly, the in forma pauperis statute provides a basis for court-supplied service of process. *See* 28 U.S.C. § 1915(d). Here, however, Petitioner does not seek relief under 28 U.S.C. §§ 2254, 2255, or 1915. The Petition invokes the Court's authority to issue a writ under 28 U.S.C. § 2241. *See* Doc. 1 at 1, 3. Accordingly, the Federal Rules of Civil Procedure, including the service provisions of Rule 4(i), govern this case. *See* Fed. R. Civ. P. 81(a)(4).

[2] The Court generally does not permit remote appearances. So, all interested counsel must appear for any hearings in person.

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.